Filed 4/13/23  Iwamoto v. Lai CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WAYNE IWAMOTO et al.,<br><br>   Plaintiffs and Respondents,<br><br>      v.<br><br>KOWEN LAI et al.,<br><br>   Defendants and Appellants. | G060604<br><br>(Super. Ct. No. 30-2021-01193481)<br><br>ORDER DENYING REQUEST FOR PUBLICATION AND MODIFYING OPINION; NO CHANGE IN JUDGMENT |

The request that our opinion, filed on March 15, 2023, be certified for publication is DENIED.  Our opinion follows established law and does not meet the standards set forth in California Rules of Court, rule 8.1105(c).

Pursuant to rule 8.1120(b) of the California Rules of Court, the clerk of this court is directed to forward a copy of our opinion, this order, and the request for publication to the Supreme Court.

It is ordered that the opinion filed March 15, 2023, be modified as follows:

        1.        On page 2, in the third full paragraph, remove the third sentence beginning with "There does not appear to be," and replace it with the following:  "There can be no reasonable dispute that the fifth cause of action arises from protected activity."

        2.        On page 5, in the second full paragraph, remove the first sentence beginning with "Here, there is little dispute," and replace it with the following:  "Here, there can be no real dispute that the fifth cause of action seeking a permanent injunction against the contemporaneous (and any future) unlawful detainer action arises from protected activity."

These modifications do not change the judgment.


                O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.

2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WAYNE IWAMOTO et al.,<br><br>    Plaintiffs and Respondents,<br><br>        v.<br><br>KOWEN LAI et al.,<br><br>    Defendants and Appellants. | G060604<br><br>(Super. Ct. No. 30-2021-01193481)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Nancy E. Zeltzer, Judge.  Reversed.

Messner Reeves, Kathleen Mary Kushi Carter and Idin Kashefipour for Defendants and Appellants.

Rutan & Tucker, Damon D. Mircheff, Gerard M. Mooney; Larry Rothman & Associates and Larry Rothman for Plaintiffs and Respondents.

This is an appeal from an order denying a motion to strike the complaint pursuant to Code of Civil Procedure section 425.16 (anti-SLAPP motion).[1] The underlying complaint arises from a landlord-tenant dispute. The landlords (defendants in the present action) filed an unlawful detainer action. Afterward, the tenants (plaintiffs) filed the present action alleging various causes of action arising from the defendants' breach of the lease. Included in the complaint was the fifth cause of action for an injunction to stay the unlawful detainer action, which plaintiffs alleged was in breach of the lease. In the prayer for relief, plaintiffs sought a permanent injunction preventing defendants from prosecuting *any* unlawful detainer actions. This, understandably, provoked an anti-SLAPP motion from the defendants. The motion sought to strike the entire complaint as being based on protected activity, with specific arguments targeting the fifth cause of action. The trial court denied the motion on the ground that a defendant seeking to strike the entire complaint must show that every alleged act giving rise to liability was protected conduct; if any liability is premised on nonprotected activity, the motion must be denied in its entirety.

Defendants appealed. Instead of focusing on the entire complaint, as they did in the trial court, their appeal is limited to the fifth cause of action specifically.

We reverse as to the fifth cause of action. The trial court misinterpreted the law. Even though defendants sought to strike the entire complaint, the court was required to address each of the arguments made within the motion, including the arguments directed at the fifth cause of action. There does not appear to be any real dispute that the fifth cause of action arises from protected activity. Accordingly, on remand, the court should consider whether plaintiffs have established a probability of success on the merits.

---

[1] All statutory references are to the Code of Civil Procedure unless stated otherwise.

FACTS

The somewhat barebones complaint alleged as follows: Defendants own property in the unincorporated community of Silverado. In 2016, plaintiffs leased the property pursuant to a written lease agreement. Over the course of the lease, plaintiffs invested over $150,000 to improve the property. Defendants later allegedly "commenced serving numerous harassing and unwarranted notices claiming covenant violations with the apparent purpose of unjustly enriching the [d]efendants by increasing the value of the property and to purposely [sic] and improperly cancelling [p]laintiffs' lease." Additionally, "[in] 2020 and 2021, there were uncontrolled wildfires near and on the property, followed by a series of mudslides related to the wildfire which caused extreme damage. Plaintiffs obtained estimates [for repairs] and are informed and believe that Defendants have received insurance proceeds that include amounts for repair and rent."

Plaintiffs asserted 11 causes of action. First, they alleged "[r]etroactive [r]ent [a]batement" due to the damage by the fires and mudslides. Second, they alleged breach of the lease agreement. Third, they complained for specific performance, which apparently refers to an option to purchase the property. Fourth, they alleged conversion "[f]or all funds received from grants, governmental agencies, and insurance carriers earmarked to replace or repair the damaged premises and not [so] used . . . ." The fifth cause of action, which is central to this appeal, is entitled "[p]ermanent [i]njunction" and alleged "[d]efendants have instituted an unlawful detainer action against the [p]laintiffs based upon unwarranted breach of covenant notices." It sought an injunction to "stay the unlawful detainer action." The sixth cause of action was for fraud based on defendants "stealing and appropriating grants, governmental agency funds, and insurance carrier proceeds that are and were not used for the improvement and repair of the property." Also, "[p]laintiffs believe that the [d]efendants never had the intent to sell the property pursuant to the lease option once [p]laintiffs invested over $150,000.00 to repair and

3

improve the property." The seventh cause of action was for negligent misrepresentation, based on the same allegations. The eighth cause of action was for "[b]reach of [c]ovenant of [q]uiet [e]njoyment of the [p]remises." The ninth cause of action was for elder abuse, based on the same allegations and the claim that plaintiff Wayne Iwamoto is over 65 years old. The tenth cause of action was for intentional infliction of emotional distress, and the eleventh for negligent infliction of emotional distress. The prayer for relief sought damages and "[a] permanent order enjoining defendants from: proceeding with any unlawful detainer action . . . ."

Defendants filed an anti-SLAPP motion. We describe the motion in greater detail below. Defendants attached a declaration signed by both of them, stating that the lease signed in 2016 was a five-year lease, which had since expired. Plaintiffs opposed the motion, arguing that the lawsuit did not arise out of protected activity, and they provided authority suggesting the trial court had jurisdiction to stay the unlawful detainer action. Plaintiffs included the declarations of two attorneys who opined that the notices to quit that had been served on plaintiffs were unenforceable.

The trial court denied the motion. The court reasoned, "As the motion is directed at the entire complaint, if any causes of action are not subject to the anti-SLAPP statute, the Defendant has failed to meet its initial burden on the first prong of the anti-SLAPP analysis, and the motion must be denied." The court acknowledged that the filing of an unlawful detainer complaint is protected activity under the anti-SLAPP statute. However, it concluded: "[T]he thrust of the [c]omplaint is the repudiation of the lease agreement with the option to purchase and [p]laintiffs' reliance on such agreement to improve the property. The crux of the [c]omplaint is that [p]laintiffs justifiably relied on the option to purchase by improving the property by $150,000.00 and [d]efendants are refusing to allow [p]laintiffs to exercise the option and instead have initiated unlawful detainer proceeding to unjustly enrich themselves from [p]laintiffs' improvements." The

4

court did not reach the second step of the anti-SLAPP analysis (i.e., whether the claims had a probability of success on the merits). Accordingly, the court denied the motion. Defendants appealed.

DISCUSSION

"Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).) Section 425.16 protects three categories of speech, but only one is relevant here: "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law . . . ." (§ 425.16, subd. (e)(1).) "The grant or denial of an anti-SLAPP motion is reviewed de novo." (*Pech v. Doniger* (2022) 75 Cal.App.5th 443, 456-457.)

Here, there is little dispute that the fifth cause of action seeking a permanent injunction against the contemporaneous (and any future) unlawful detainer action arises from protected activity. (*Clark v. Mazgani* (2009) 170 Cal.App.4th 1281, 1286 ["There is no question that the prosecution of an unlawful detainer action is indisputably protected activity within the meaning of section 425.16"].) The trial court acknowledged as much.

The trial court got over that hurdle by reasoning as follows: because the anti-SLAPP motion targeted the entire complaint, "if any causes of action are not subject to the anti-SLAPP statute, the Defendant has failed to meet its initial burden on the first prong of the anti-SLAPP analysis, and the motion must be denied." The court did not cite any authority for this rule. On appeal, plaintiffs have defended this rule based on a

5

single line in an opinion by our high court, *Baral, supra,* 1 Cal.5th 376.  We conclude that not only does *Baral* fail to support this rule, but it also cuts against it.

The issue in *Baral* was not the issue we confront here.  Instead, the issue was whether the anti-SLAPP statute could reach a so-called "mixed" cause of action that alleged both protected and nonprotected activity within the same cause of action, an issue that had occasioned a split of authority among the Courts of Appeal.  (*Baral, supra,* 1 Cal.5th at p. 381.)  The *Baral* court settled that split by concluding an anti-SLAPP motion should be treated as a motion to strike, which can reach specific allegations within a mixed cause of action.  (*Id.* at p. 393.)  In reaching this conclusion, the *Baral* court felt compelled to explain and distinguish one of its own precedents that contrary Courts of Appeal had relied on, *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811.  (*Baral,* at p. 390.)  *Oasis* had stated that if "the plaintiff 'can show a probability of prevailing on *any part of its claim,* the cause of action is not meritless,'" and that "'once a plaintiff shows a probability of prevailing on any part of its claim, the plaintiff *has established* that its cause of action has some merit and the entire cause of action stands.' [Citation.]"  (*Oasis,* at p. 820.)  Some Courts of Appeal had relied on this language to conclude that mixed causes of action necessarily survive an anti-SLAPP motion because the allegations of nonprotected activity sustain the cause of action.  The *Baral* court disagreed and instead attributed the language to "the way the parties framed the issues" (*Baral,* at p. 391):  the defendants in *Oasis* "sought to strike the *entire complaint* based on the assertion that the attorney defendant had breached no duty owed to his former client.  In this court, they sought to preserve their victory in the Court of Appeal on the same broad theory, arguing that the plaintiff had failed to show any breach.  In that context, it was sufficient to determine whether any of the attorney's alleged acts could be said to violate his fiduciary obligations."  (*Baral,* at p. 391.)

6

Plaintiffs have seized on this language to argue that if an anti-SLAPP motion targets an entire complaint, the motion must be denied if *any* causes of action arise from nonprotected activity. *Even if some do.* In context, this is a clearly skewed interpretation of *Baral.* There is nothing about the discussion of *Baral* to suggest that the court was laying down a categorical rule. It was simply describing why it had used certain language in a previous opinion with reference to the way the issues had been framed.

To the contrary, the rule plaintiffs propose cuts against the spirit of the holding in *Baral.* The *Baral* court found it to be unjust that a cause of action arising from protected activity could survive simply because it had been alleged together with nonprotected activity. And that is essentially the result plaintiffs seek here: a denial of the anti-SLAPP motion because some of the causes of action do not arise from protected activity, even though the fifth cause of action clearly does. We have found no authority for that proposition, nor do we care to endorse it as a rule of law. Anti-SLAPP motions are not all-or-nothing affairs. Defendants are entitled to raise any colorable argument in their motion. The motion should be granted to the extent those arguments are convincing and denied to the extent they are not. But the unconvincing arguments do not forfeit the convincing arguments. A defendant moving to strike an entire complaint is entitled to a partial victory if some of the arguments are meritorious and others are not.

To be sure, the moving party in an anti-SLAPP motion still bears the burden of pointing out the aspects of the complaint that arise from protected activity. (*Pech v. Doniger, supra,* 75 Cal.App.5th at p. 459 ["If a count pleaded in the complaint encompasses multiple claims and the moving party fails to identify how the acts underlying some of those claims are protected activity, then the moving party has not met its burden with respect to those unidentified claims"].) A moving party who simply

7

makes allegations about the entire complaint without pointing to specific aspects that arose from protected activity may fail that burden.

But defendants fulfilled their burden here. Their anti-SLAPP motion made repeated references to plaintiffs' attempts to stifle the unlawful detainer action. For example, it stated, "[T]he [p]laintiffs filed this instant action to permanently stop the [u]nlawful [d]etainer action, directly, seeking declaratory relief, damages, and attorney[] fees. Plaintiffs unlawfully claim that [d]efendants . . . do NOT have the constitutional right to petition the court and file the [u]nlawful [d]etainer [a]ction against [p]laintiffs." In describing the bases for the motion, defendants stated, "[T]he act of filing an [u]nlawful [d]etainer [a]ction is, in and of itself, an act in furtherance of the right to petition." Defendants subsequently distinguished between multiple bases for their motion: "First, the [c]omplaint protests the underlying litigation, [the unlawful detainer action, and] without any lawful reasons seeks to obtain a permanent injunction to stay the [unlawful detainer a]ction, then it wants to hold [d]efendants[] liable for allegedly applying and allegedly obtain[ing] insurance proceed[s], government aids, and for enforcing the terms and conditions of the written lease agreement. These activities all refer to the underlying litigation filed by [p]laintiffs." (Underscoring omitted) As this statement shows, while defendants certainly had their sights on more than just the fifth cause of action, they had clearly identified the allegations underlying the fifth cause of action as a distinct basis for their motion. Accordingly, the trial court erred by essentially disregarding the fifth cause of action and denying the motion because *other* causes of action did not arise from protected activity.

Plaintiffs briefly raise one other argument to support the trial court's ruling: that the fifth cause of action for an injunction is just a remedy, not an actual cause of action. However, *Baral* answered that contention as well. "Section 425.16 is not concerned with how a complaint is framed, or how the primary right theory might define

8

a cause of action." (*Baral, supra,* 1 Cal.5th at p. 382.) Rather, "[i]f the supporting allegations include conduct furthering the defendant's exercise of the constitutional rights of free speech or petition, the pleaded cause of action 'aris[es] from' protected activity, at least in part, and is subject to the special motion to strike authorized by section 425.16(b)(1)." (*Id.* at pp. 381-382.) In other words, the focus is on the underlying conduct of the defendant as alleged in the complaint. Here, plaintiffs alleged that the filing of the unlawful detainer action was itself wrongful: "Defendants have instituted an unlawful detainer action against the [p]laintiffs based upon *unwarranted* breach of covenant notices." (Italics added.) Accordingly, the allegation was subject to an anti-SLAPP motion.

Because the trial court stopped its analysis at the first step of the anti-SLAPP analysis and did not reach the merits, on remand the court should consider whether plaintiffs have established a probability of prevailing. Defendants contend that we should remand with instructions to grant the motion because plaintiffs made no arguments on the merits. But that is not entirely true. They submitted attorney declarations that the notices to quit underlying the unlawful detainer action were unenforceable. Plaintiffs also discussed authorities indicating the court may have jurisdiction to issue a stay, if applicable. The trial court should resolve these issues in the first instance.[2]

---

[2]     In their reply brief, defendants inform us that in a second unlawful detainer action (the record is not clear as to why there were two), a jury found in favor of defendants, finding that the notices to quit were enforceable and that the lease was "forfeited and cancelled." We are also told defendants subsequently obtained a writ of possession, which was executed. Defendants suggest this may render the appeal moot. However, we decline to dismiss the appeal as moot for two reasons. First, defendants may be entitled to attorney fees on remand. (§ 425.16, subd. (c)(1).) Second, it is not clear to us that the judgment in the unlawful detainer action is final as to any appellate remedies plaintiffs may have. On remand, the trial court should give the judgment whatever deference it is due.

9

## DISPOSITION

The order denying the anti-SLAPP motion is reversed.  Defendants shall recover their costs incurred on appeal.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.